UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZURI SANAKABISA YOUNG,

Petitioner,

v.

K. SANTORO, Warden,

Respondent.

Case No.: 1:26-cv-03182-EGC (HC)

**ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

(Doc. 18)

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

On September 14, 2026, Petitioner filed a motion for an evidentiary hearing. (Doc. 18.) He contends one is necessary to "[prove] true, all (9) nine claims." He also asks the Court to "take judicial notice, that CDCR Inc., Respondent and their counsel have 'cheated' and obstructed [justice]." Petitioner asserts that because he received Respondent's answer (filed August 19, 2026) on September 4, 2026, the State of California is attempting to "avoid lawful meaningful purposes of the law to cheat and contact the prisons to obstruct [justice]." Petitioner also states he "is without his DME" glasses, legal and personal property, and that he was "unlawfully transferred.'"

The Court finds a response by Respondent to be unnecessary and will deny the motion for the reasons discussed herein.

## I. DISCUSSION

Evidentiary hearings are expressly authorized by Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. However, under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), if a state court adjudicated Petitioner's claim on the merits, the federal court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *see also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005). Here, no such determination has been made. *See, e.g.*, *Leonard v. Eaton*, No. 2:19-cv-0230 TLN DB P, 2023 WL 2413826, at *2 (E.D. Cal. Mar. 8, 2023) (denying evidentiary hearing and stating: "As this matter is submitted, the court must now review this matter pursuant to 28 U.S.C. § 2254(d). In light of this analytical overlap and the demand on the court's docket, the court finds that the most prudent approach is to defer a decision on whether an evidentiary hearing is appropriate until the court conducts a section 2254(d) analysis"); *Williams v. Martel*, No. 2:18-cv-2224 KJM DB P, 2020 WL 67424328, at * (E.D. Cal. Nov. 16, 2020) (denying evidentiary hearing, stating "the court is currently in the process of reviewing this matter pursuant to 28 U.S.C. § 2254(d), and it has yet to make a determination with respect to either the viability or sufficient factual bases of the claims in petitioner's petition").

This Court will issue Findings and Recommendations in due course and will determine at that time whether a factual basis exists to support Petitioner's claims. *Baja*, 187 F.3d at 1078. Hence, Petitioner's request is premature. *See, e.g.*, *Newberry v. Covello*, No. 20-cv-2167 DB, 2021 WL 12349264, at *1 (E.D. Cal. May 10, 2021) (denying request for evidentiary hearing because court had not yet determined whether one was warranted); *Kincaide v. Dickinson*, No. CIV S-10-2068 FCD DAD P, 2010 WL 3745706, at *1 (E.D. Cal. Sept. 16, 2010) (same).

Finally, to the extent Petitioner contends he "is without his DME" glasses, legal and personal property, and that he was "unlawfully transferred,'" the proper remedy for a state prisoner making a constitutional challenge to the conditions of his confinement, rather than the legality or duration of his incarceration, is to file a prisoner civil rights complaint. 42 U.S.C. § 1983; *Preiser v. Rodriguez*, 411 U.S. 474, 499 (1973).

## II. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Petitioner's motion for an evidentiary hearing (Doc. 18) is **DENIED**; and
2. The Court will issue Findings and Recommendations in due course.[1]

IT IS SO ORDERED.

Dated: **September 18, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE

[1] This Court is currently experiencing an ongoing judicial emergency. Delays, while unfortunate, are inevitable. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.